COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Craig Lynn Beal v. The State of Texas

Appellate case number:    01-12-00896-CR

Trial court case number:  1793757

Trial court:              County Criminal Court at Law No 8 of Harris County

On March 17, 2015, we issued a Continuing Order of Abatement ordering the trial court to conduct a hearing to determine if the reporter's record is lost or destroyed and appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 34.6(f). *See* Tex. R. App. P. 34.6(f). To date, no reporter's record or supplemental clerk's record of an abatement hearing has been filed with this Court in compliance with our March 17, 2015 order.

We again **ORDER** the trial court to hold a hearing, within 30 days of the date of this order, to determine if the reporter's record of the trial is lost or destroyed and appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 34.6(f). *Id.*

All counsel and appellant shall be present in person at the abatement hearing. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1]

At the hearing, if the trial court determines the record is not lost or destroyed, it should set a date certain, in no event more than 30 days from the date of this order, for the record to be filed in this Court. If the record is lost or destroyed, findings of fact and conclusions of law are to be filed to that effect with this Court within 30 days of the date of this order.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                     ☒  Acting individually


Date:  June 23, 2015